UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| TONY WILLIAMS, | 3:06-CV-0180-HDM (RAM) |
| Plaintiff, | |
| vs. | ORDER |
| DR. STEVEN MACARTHUR, et al., | |
| Defendants. | |

Before the court is Plaintiff's Motion for Order of Estoppel (Doc. #13)[1] and Plaintiff's Motion for Order That Defendant's [sic] Show Cause Why Expert Witness Should Not Be Appointed (Doc. #14).[2] Defendants opposed Plaintiff's Motion for Order of Estoppel (Doc. #16) and Plaintiff replied (Doc. #19). Defendants opposed Plaintiff's Motion for Order That Defendant's [sic] Show Cause Why Expert Witness Should Not Be Appointed (Doc. #18) and Plaintiff replied (Doc. #20).

## BACKGROUND

Plaintiff Tony Alan Williams is an inmate at Ely State Prison (ESP) in Ely, Nevada. (Doc. #18). Defendants include Dr. Steven MacArthur,[3] Dr. Theodore D'Amico, Adam Endel, and E.K. McDaniel. Defendants are a former medical provider at ESP, a former medical director of the Nevada Department of Corrections (NDOC), the Associate Warden of Programs at ESP, and the

---

[1] This motion is essentially a Motion to Strike.

[2] This motion is essentially a Motion for Appointment of Expert Witness under FED. R. EVID. 706.

[3] Defendant MacArthur was erroneously sued as "Steven McArthur" in the complaint, although appropriately named in the motions at bar.

Warden of ESP. (Doc. #18). Plaintiff has sued defendants under 42 United States Code § 1983, alleging that Defendants deprived Plaintiff of his right to be free from "cruel and unusual" punishment in violation of the Eighth Amendment to the U.S. Constitution by being deliberately indifferent to Plaintiff's serious medical needs. (Doc. #9).

Plaintiff asserts that Defendant MacArthur was deliberately indifferent to Plaintiff's serious medical needs by refusing to treat Plaintiff's medical condition, allegedly diagnosed as methicillon-resistant Staphylococcus aureus (MRSA) on numerous occasions. (Id.) Further, Plaintiff faults Defendant MacArthur for his refusal to culture Plaintiff's wounds for a long period of time, and his refusal to prescribe the appropriate medication to kill Plaintiff's alleged MRSA infection. (Id.)

Plaintiff alleges that Defendant D'Amico was deliberately indifferent to Plaintiff's serious medical needs by "doing nothing" to aid Plaintiff after being informed of his medical condition. (Id.)

Plaintiff also alleges that Defendants McDaniel and Endel were deliberately indifferent to Plaintiff's serious medical needs because they knew of the dangers posed by Plaintiff's alleged MRSA infection, but "recklessly disregarded Plaintiff's pleas for help and attempts to correct the matter." (Id.)

DISCUSSION

A.  Motion to Strike

Motions should be considered based on their substance, not their form. See, e.g., F.D.I.C. v. Jackson-Shaw Partners No. 46, Ltd., 850 F. Supp. 839, 845 (N.D. Cal., 1994)(where motion, styled as a motion to dismiss, was actually a motion for summary judgment and so was considered as such by the court).

Here, though the court agrees with Defendant that the instant motion is not cognizable as styled by Plaintiff ("Motion for Order of Estoppel"), the court disagrees with Defendant's argument that the instant motion should be considered as a motion for summary judgment. Rather, the court finds that the substance of Plaintiff's motion makes it a motion to strike, since Plaintiff's

pleadings essentially ask the court to find, as a matter of law, that Defendant cannot assert failure to exhaust administrative remedies as an affirmative defense.

Under FED. R. CIV. P. 12(f) a motion to strike must be filed within twenty (20) days of the answer.[4] FED. R. CIV. P. 12(f); see also William W. Schwarzer, et. al., Federal Civil Procedure Before Trial, § 9:399 (2006)("A motion to strike some or all of an answer must be filed within 20 days after service of the answer.").

Here, Defendants answer was filed on July 5, 2006 and Plaintiff did not make this motion until August 20, 2006. Thus, the twenty day period had elapsed by the time Plaintiff filed the motion. Therefore, in accordance with Rule 12(f), the motion is <u>DENIED</u>.[5]

B.  <u>Appointment of Neutral Expert</u>

Federal Rule of Evidence 706 allows the district court to appoint a neutral expert on its own motion, or on the motion of any party. The determination to appoint an expert rests solely in the court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert review. See Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997). The appointed expert is entitled to reasonable compensation, and in a civil case the compensation is "paid by the parties in such proportion and at such time as the court directs." FED. R. EVID. 706(b). However, where, as here, one of the parties is indigent, the court may apportion all the cost to one side. McKinney v. Anderson, 924 F.2d 1500, 1510-11 (9th Cir. 1991), vacated and remanded on other grounds, 502 U.S. 903 (1991)(reasoning that allowing court-appointed experts only when both sides are able to pay their respective shares would hinder a

---

[4] In its entirety Fed. R. Civ. P. 12(f) reads: "Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any tiem, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

[5] If Defendants, as they have stated they intent to do (Doc. #16), file a motion to dismiss based on Plaintiff's alleged failure to exhaust administrative remedies then at that time Defendant can assert his arguments that he has adequately exhausted his remedies. Those arguments are premature at this time and even if Plaintiffs motion had been timely would not serve as an appropriate basis on which to grant a motion to strike.

1  district court from appointing an expert witness, "even when the expert would significantly help
2  the court").

3        Plaintiff argues that an expert epidemiologist or an infectious disease specialist is necessary
4  in this case to establish that the treatment he has received for his medical condition while under
5  Defendants' case was contrary to acceptable medical practice and constitutes deliberate
6  indifference. (Doc. #14). The court disagrees. At present, this does not appear to be a complex
7  case requiring an expert's assistance. To establish an Eighth Amendment Violation, Plaintiff will
8  have to prove that his illness is serious and that Defendants displayed deliberate indifference
9  toward his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Gibson v. County
10 of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). The trier-of-fact does not need a medical expert
11 to determine that Plaintiff's alleged condition constitutes a serious medical condition. Plaintiff
12 should be able to prove this by use of his medical records, which have been made available to him,
13 and by questioning the Defendants at trial. Similarly, expert testimony is not required in
14 determining whether Defendants acted with deliberate indifference. Whether Defendants acted
15 with deliberate indifference is a subjective test. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).
16 A prison official does not act with deliberate indifference unless he knows of and disregards a
17 substantial risk to an inmate's health or safety. Id. An analysis of the Defendants' subjective states
18 of mind differs from the involved ojective inquiry required for medical malpractice cases, which
19 delve into reasonable standards of medical care. Ledford, 105 F.3d at 359 (upholding district court's
20 decision not to appoinnt an expert witness at trial of inmate's deliberate indifference claims). In
21 contrast, the subjective inquiry required here does not involve "probing, complex questions
22 concerning medical diagnosis and judgment." Id. Nor does it involve the evaluation of complex
23 scientific evidence. Cf. Mckinney, 924 F.2d at 1511 (suggesting that district court consider
24 appointing expert to evaluate complex scientific evidence regarding the concentration levels of
25 environmental tobacco smoke in the Carson City prison). Accordingly, it appears that the trier-of-
26 fact will be able to evaluate each Defendants' subjective belief regarding Plaintiff's medical

treatment without the aid of an expert.[6] The motion to appoint an expert witness (Doc. #14) is DENIED.

DATED: January 8, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] The court notes that appointing experts in deliberate indifference cases is an act that should be done sparingly, particularly given the large volume of cases in which prisoners allege the improper deprivation of medical care, and the substantial expense that Defendants may have to bear if courts were to appoint experts in such cases.